**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:13-CR-00035-TBR-3**

**ELANCE JUSTIN LUCAS (3)**                                                              **DEFENDANT**

**v.**

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

**MEMORANDUM OPINION AND ORDER**

Before the Court is a letter from Defendant Elance Lucas requesting information on expungement that the Court construed as a Motion for Expungement. [DN 82]. The United States responded, [DN 84], and this matter is now ripe for review. For the reasons stated below, Lucas's motion is **DENIED**.

On August 13, 2013, Lucas was indicted on charges for conspiracy to possess with the intent to distribute cocaine and for two counts of aiding and abetting in the possession and distribution of cocaine. [DN 1]. On February 14, 2014, the Court granted the United States' motion and dismissed without prejudice the indictment against Lucas. [DN 45]. Now, Lucas requests information to expunge the case from his record. [DN 82]. The United States responded, opposing Lucas's motion, arguing that the Court lacks jurisdiction over this matter. [DN 84]. A review of the relevant case law demonstrates that the United States is correct.

According to the Sixth Circuit, there are three possible circumstances in which a federal court can exercise its authority to expunge a conviction. *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010). "A federal court possesses jurisdiction when (1) the court has original jurisdiction under 18 U.S.C § 3231; (2) a statute authorizes expungement of the conviction under the circumstances; or (3) a court has authority under its ancillary jurisdiction. *United States v.*

*Daniels*, No. 03-50015, 2016 WL 4168647 at *1 (E.D. Mich. Aug. 8, 2016) (citing *Lucido*, 612 F.3d at 873).

Here, as in *Daniels*, "[t]he Court does not have jurisdiction under the first ground because § 3231 confers jurisdiction for 'offenses against the laws of the United States' only, and the motion for expungement is a request for an equitable form of relief seeking to alter public records, it does not involve an offense against the United States." *Id.* Regarding the second ground, unlike some other statutory provisions, the statutes in Lucas's case—21 U.S.C. §§ 841, 846, and 18 U.S.C. § 2—do not authorize expungements. *See, e.g.*, 18 U.S.C. § 3607(c) ("If the case against a person found guilty of an offense under section 404 of the Controlled Substances Act (21 U.S.C. 844) is the subject of a disposition under subsection (a), and the person was less than twenty-one years old at the time of the offense, the court shall enter an expungement order upon the application of such person.").

Finally, the exercise of ancillary jurisdiction is also impermissible here. In 2014, the Sixth Circuit held that:

> [t]he ambit of ancillary jurisdiction to hear motions to expunge is limited, however. For example, federal courts lack ancillary jurisdiction over motions for expungement that are grounded on purely equitable considerations—*e.g.*, motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities.

*United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014) (internal citations omitted). In contrast, "where motions for expungement challenge an unconstitutional conviction or an illegal arrest or are otherwise based upon a constitutional claim, federal courts may have jurisdiction to consider the motion" using ancillary jurisdiction. *Id.* (citing *United States v. Carey*, 602 F.3d 738, 739 (6th Cir. 2010). Here, Lucas has provided no evidence of an unconstitutional conviction or an illegal

arrest. Accordingly, the law simply does not allow the Court to exercise jurisdiction over this matter and the Motion for Expungement must be **DENIED**. [DN 82].

    **IT IS SO ORDERED**.

                           Thomas B. Russell, Senior Judge
                           United States District Court

                                May 10, 2022

cc: AUSA

**Elance Justin Lucas**, *pro se*
15405-033
TALLADEGA
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
TALLADEGA, AL 35160